MIGUEL ANGEL PIETRI Y ORTIZ, Appellant, *v.* REGISTRAR OF San GERMÁN, Respondent.

No. 059.    Submitted November 8, 1926.—Decided December 14, 1926.

*Luis López de Victoria* for the appellant.    The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

The registrar of property of San Germán refused to record a dominion title judgment rendered by the Mayagüez District Court in favor of Miguel Angel Pietri Ortiz to a property consisting of 30.41 acres situated in the ward of Indiera Frías of the municipal district of Maricao, as appears from a note written at the foot of said judgment reading as follows:

"Denied: Record of the dominion title referred to in the above document, which is a certified copy issued on the 28th of June last by Enrique Báez, clerk of the Mayagüez District Court, of a judgment rendered by Hon. Charles E. Foote in civil case No. 11474, and

in view of another supplementary case, on the following ground: That after a careful examination of the registry it appears that about the year 1910 the former owner of the property sought to be recorded, José Pietri y Rodríguez, petitioned for the record of a farm called Juanita composed of 143 acres situated in the ward of Indiera Fríos of the municipal district of Maricao. In the proceedings held in the Mayagüez District Court said party alleged that he acquired said property, without any recordable written title, by purchase from Juan Angelino, Andrés, Agustín, Emilio, Leopoldo and Isabel Pietri y Rodríguez, in the month of February, 1899. Said court ordered the summoning of the former owners of that property and thereupon the heirs of the co-owner Leopoldo Pietri y Rodríguez, consisting of his widow Dominga Negrón and his children Herminia, Amelia, Ramón and Santiago Pietri y Negrón, by their counsel, Alfredo Arnaldo Sevilla, opposed the proceedings as to 43 acres of the 143 acres alleged by the petitioner to constitute his property. The contestants admitted that said property consisted of one hundred acres only, which was its true area, including in their counterclaim copies of unrecorded deeds showing how said parcel of one hundred acres had been acquired. Said José Pietri y Rodríguez answered the counterclaim and admitted the truth of the statement as to the manner of acquiring the one hundred acres; but alleged that he owned 113 acres, to which area he reduced his original claim in that proceeding, and stated that he acquired the remaining 13 acres by purchase from Pablo Pietri. By reason of the foregoing the petitioner's attorney moved the granting of the motion in regard to the 113 acres, and the matter was referred to the district attorney who introduced the same in open court and moved that the claim as to the area of the property Juanita be reduced to one hundred acres and the elimination of the 13 acres later on incorporated. The court, in conformity with the motion of the district attorney and with the acquiescence of petitioner José Pietri y Rodríguez, decreed the dominion title to the said property in favor of said party with an area of one hundred acres, in a decision rendered on the 25th of August, 1910, which became final. Since then and up to the present time, and in successive records said property has been limited to one hundred acres as its area. The record of the remaining 43 acres, among which are included the 30 acres referred to in the document sought to be recorded, has been denied, and now a son of the petitioner, as shown by the document filed, seeks to record in his favor the said thirty acres, confining himself to state and allege that he acquired the property, as described, by purchase from his

parents José Pietri y Rodríguez and his wife on the 7th of August, 1910, who, at the time of the proceedings for the record of the 143 acres, acquiesced in the counterclaim of the aforesaid heirs of Leopoldo Pietri y Rodríguez and in the motion of the district attorney. The petitioner in the proceedings accepted the reduction of the area of said property to one hundred acres, and the son of that petitioner, now deceased, seeks to record the thirty acres in question, and it does not appear that in the new proceedings the aforesaid heirs of Leopoldo Pietri y Rodríguez have been summoned in the manner prescribed by law, which heirs were successful in the counterclaim already mentioned. By reason of the foregoing I deny the record and make a cautionary notice for one hundred and twenty days in favor of petitioner Miguel Angel Pietri y Ortiz.''

Miguel Angel Pietri y Ortiz brought the present appeal from that decision, alleging that the registrar erred in failing to apply the second subdivision of section 395 of the Mortgage Law as construed by this Supreme Court in the case of *Hermida* v. *Registrar*, 31 P.R.R. 184.

It appears from the dominion title decision rendered by the court that the 30.41 acres property was acquired by Miguel Angel Pietri Ortiz by purchase on the 7th of August, 1910, from his parents José Pietri Rodríguez and Micaela Ortiz; that they died later and their successors are the children Agustín, Herminia, Nuncia, José and Miguel Angel Pietri Ortiz; that the spouses Pietri Ortiz bought the said property from Juan Angelino, Andrés, Agustín, Emilio, Leopoldo and Isabel Pietri y Rodríguez in 1899. Therefore, the petitioner's immediate predecessors in the ownership of the 30.41 acres property were the spouses José Pietri Rodríguez and Micaela Ortiz. We held in the case of *Hermida* v. *Registrar, supra,* that according to subdivision 2 of section 395 of the Mortgage Law it is not necessary to summon the remote former owners, but only the immediate predecessor in interest from whom the appellant acquired the property, and in like manner it was not necessary to summon in the present case the heirs of Leopoldo Pietri Rodríguez, because they were remote owners and because his opposition to the

previous dominion proceedings did not create in his favor a special right to be summoned. Therefore, the record in question should not have been refused. The decision appealed from must be reversed and the record ordered.

Mr. Justice Hutchison took no part in the decision of this case.